UNITED STATES of America, Plaintiff–Appellee,

v.

Porfirio TORRES–RIVAS, Defendant–Appellant.

No. 06–40423
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

May 2, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Porfirio Torres–Rivas (Torres) preserves for further review his contention that his sentence is unreasonable because this court's post-*Booker* ** rulings have ef-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

fectively reinstated the mandatory Sentencing Guideline regime condemned in *Booker.* Torres concedes that his argument is foreclosed by *United States v. Mares,* 402 F.3d 511 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Torres also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe. Torres concedes that this argument is foreclosed by *United States v. Tzep–Mejia,* 461 F.3d 522, 527 (5th Cir.2006), which held that *"Booker* does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy." Finally, Torres raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

Appealing the Judgment in a Criminal Case, Calixto Velasquez–Castro raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.